Kinsey C, J.
As to the second plea in this case, it is in my opinion clearly ill, because the facts set forth in it, from which the conclusion of fraud is dfeduced, are not if proved, a sufficient ground for such an inference. Nothing is alleged but what a man might honestly have said and done. If he himself had actually bought the lands fairly, he might honestly sell them, if he was ignorant of the defect in the title. There is no averment that he knew his title to be deficient, and for aught that appears, it might have been a disputed title within the knowledge of both parties, and sold for that reason at an under price. We cannot presume fraud.
If however the fact really is, that Mason sold the lands at a fair valuation, when he knew that he had no title to them, the defendant may amend his plea. In the case of Bree v. Holbech (a) the court allowed of an amendment after argument, and opinion delivered.
The third plea brings once more in question a point that has frequently arisen, and has been as frequently disputed, *183 wheihcr fraud can be pleaded in bar of an action ol debt on a bond. This is a question of vas»t importance, and should be deliberately and finally settled.
It has Leen frequently asserted, and the same principle has been contended for in this case, that the consideration of a bond cannot be proved by parol evidence, so as to set aside a deed solemnly executed. It is objected that the facts should be specially pleaded, and the case of Janson v. Stuart (a) has been cited as in point. In that case an action was brought by one for advertising him as a swindler; the defendant pleaded that plaintiff was a swindler, but specified no particular act of swindling, and the plea was held ill, This decision was unquestionably correct. The plea went to the. whole life of the party and therefore was too general; but the present case is totally different. The allegation here is that fraud was committed in this single instance, in obtaining this particular bond, by fraudulent means; and the case cited therefore, by no means goes to prove the present plea ill. In the case of Wimbish v. Tailbois (b) Montagu C. J. says that the plea of fraud generally is good. In Treshatn?s case (c) it was held that the general averment of fraud, replied to recognizances pleaded, was good. The case of Knight v. Peachy (d) is to the same point; a replication that an assignment vas .made by covin and fraud to cheat the plaintiff, was held good. When the particular act of fraud is referred to, the general plea is sufficient. (e)
Another objection has been raised to this plea, and that is, that courts of justice cannot inquire into the consideration of a bond. In this case also it is contended, that there is the deed for the land, and if there be any covenant or warranty, the defendant has a clear and easy remedy for a broach of the contract of sale. There is no necessity for resorting to thin plea, there should have been an action of deceit.
If these positions, thus generally laid down be true they appear to me manifestly contrary to justice; and I should be loth to pronounce the law to be, that a bond obtained by the¡ *184 most flagrant fraud, and one executed on fair and honest grounds, are equally available. There is however no case to be found which supports a doctrine so monstrous, and so entirely subversive of justice. The case of Mease v. Mease (a) is very imperfectly reported, and but little dependance can be placed on it: — the most that can be made of it, is that Lord Mansfield seems to have so far assented to the argument of Wilson, that no parol evidence ought to be admitted to abate or extend a bond, as to consider the plea bad. Yet he shows an inclination and thought himself justified in getting at the defence, and doing justice in. some way or another. In that case it is further to be remarked, the defence admitted the validity of the bond; no fraud is pretended to have been employed in procuring it: in this case, the defence goes to prove that the instrument never had any legal existence, and its tendency is not to extend the construction, or to vary the words. If fraud does vitiate a bond, and clearly it does, I am of opinion that any mauer which tends to prove it void, or that it never had any legal existence, may either be pleaded or given in evidence.
In the case of Faikney v. Reynous (b) ivas an action of debt on a bond, to which defendant pleaded that it had been given on a stock-jobbing transaction, and was therefore void under the statute; the court in their opinion merely go into the consideration of the question whether it was actually void or not, and it never seems to have occurred either to the court or the counsel, that this defence would lead to an inquiry into the consideration on which the bond was founded, and could not therefore be pleaded, as it did not appear on the face of the instrument.
Collins v. Blantern (c) was also an action of debt on a bond, and a plea that the obligation was given for the purpose of stifling a prosecution for felony, was held good. The same objection that no averment could be made against the writing, was there urged; but in giving the opinion of the court, Lord Chief Justice Wilmot says in reply, “ the law will legitimate the showing it void ab initio, and this can only be done *185 by pleading;” “ it is not inconsistent with the condition of the bond, but strikes at the contract itself, in such a manner, as shows, that in truth, the bond never had any legal entity.’’
In the case of Walker v. Perkins (a) to a bond conditioned to pay a woman an annuity so long as she lived with the, obligor, it was pleaded that it was to live with him in a state of fornication, though not so expressed in the instrument, and though this is no crime at common law, but only an immoral act, the plea was adjudged good and the bond set aside.
If there were no other cases, these would in my opinion justify me in saying, that it is a misapplication of the rule, if there ever was one, that the consideration of a bond given for an illegal or immoral purpose cannot be inquired into at law, or that it may not be proved by parol testimony, and I think they prove also, that if a bond be void, either by statute or eommon law, and be made so either by matter expressed, or not expressed in the instrument itself, it may be pleaded in bar, in an action of debt. In the case of Collins v. Blantern this objection was raised and disregarded; and the opinion delivered by WUmot in that case, merits and should receive 3erious consideration for the soundness of the doctrines which It contains. He says that the plea in that case, shows a fact, which if true proves that the bond never had any legal existence.
In Fonblangue’s excellent Treatise 112, note (z) it is said a though it may be true as a general proposition that the common law will not allow of averments of matter dehors a w deed, yet it is certainly not to be adopted as a universalproa position; for there are numberless cases, even at law, in a which the deed has been defeated by matter in pais.” He cites a large number of authorities, both in law and equity, confirmatory of this doctrine.
Other cases dependent on the same principle, and illustrative of it, may be collected from books of a much older date, which occurred at a period when Courts of Justice adhered much more closely than they now do to the strict rules of law. If a deed be falsely read to an illiterate or blind person, it shall not bind him was determined in Shutter’s casej (b) *186 so if read with a condition when in fact there is none, it is void. The same idea is 'corroborated in Jenkins and Moore's reports. These are all cases of fraud, vitiating the obligation, but not appearing on the face of it; and no solid distinction can be raised between them, and that now before the court. There the incapacity was natural, here it is created by the party. It cannot be permitted that fraud and dishonesty shall be available to a party, who comes forward and avows it; or that courts of justice shall be compelled to shut tbeir eyes, and submit to be the humble instruments to carry them into effect. If the law abhors fraud, the man' imposed upon, should have it in his power to avail himself of it as a defence: if fraud invalidates an act it may be pleaded.
'Again LordMansfield in 4 Burr. 2229. in the case of Lowe <v. Peers, supports the doctrine I have laid down. That was an action of covenant on a promise of marriage, and brought of course on a sealed instrument. Speaking of the validity of the deed, his lordship sayS, “whatever grounds existed at that time, that could avail the defendant to" avoid the deed, “ should have come on his part by a proper A/ea, if it would “ in reality have been a good defence for him. If therefore “ any such ground had existed, not appearing upon the face of the deed, it ought to have been avoided by a proper “ plea.”
Judge Buller in 3 T. R. 424. Petrie v. Hannay, in delivering his opinion considers it as good authority; and Lord Kenyon, in the same case, says it is a rule of law, that “ those “ who come into a court of justice to seek redress must come “ with clean hands.” (a)
From all these cases I think it clear, that the doctrine relied upon, that the consideration of a bond cannot be inquired into, and that no parol evidence can be admitted to prove the instrument void, either by statute or common law, is not maintainable. There areno grounds injustice for such a doctrine, and I should be sorry did I think any existed inlaw,
*187 VMo brings me to another view of the subject, and a question arises, if indeed it can admit of a question, whether a oourt instituted for the purposes of justice, shall be obliged ¿o declare that a fraudulent deed is good at law; or when the oonir'iot is silent, or is so worded as to conceal the truth, whether courts may not “ brush away the cobweb covering which conceals the truth, and view the transaction in its proper colours.” For my own part I have no hesitation in declaring it as my opinion that a bond, fraudulently obtained, is void and illegal.
1st I take it to be an indisputable maxim that fraud is odious to the law, and that “ fraus et dolus nemine patrocinari u dehcniB
2d It is laid down in Fermon's case, (a) that fraud is so abhor* ed by the common law, that it vitiates all acts as well judicial as others; and even a lawful act if obtained by fraud. Jenkms 259, is to this purpose; and in the same book 254. pi. 45. it is said, fraud is averrible against any deed. So is 4 T. R. 337, S. in the case of Master v. Miller.
In Bright v. Eynon, (b) Lord Mansfield says that it will avoid every kind of act.
In Fell v. Riley (c) he says “ cases of fraud and imposition arc exceptions to all rules whatsoever.
In Master v. Miller, Buller says, “ he who is guilty of fraud shall never be permitted to avail himself of it.
In 2 T. R. 765. Cockshott v. Bennet, it is said that fraud may be avoided by a court of law, as well as a court of equity.
The opinions here cited, and the citations might be almost indefinitely extended, are so congenial to what every honest man feels in his own breast, and the opposite sentiments are so inconsistent with every idea of what is just, that they have my fullest assent. I cannot declare this plea had, because no precedent has been, nor as I conceive can be brought which proves it defective. If the bond be void, as every instrument fraudulently obtained is, then the truth can only be reached by pleading the fact.
*188 I have consumed more time than I wished or the case required, and yet the subject is by no means exhausted. I shall however say but little, •further than to declare that a bond fraudulently obtained is void; that I do not feel myself authorized sitting here to administer justice to shut my eyes against the truth, and therefore I consider the plea as good when applied, as in this case it is, to a single fact in which the plaintiff participated; when it cannot put him to any inconvenience tp prove the transaction honourable and correct, if it really is so; and that in giving this opinion, I do not (as Wilmot says in the case before cited) stir a pebble of the common law, neither have I the slightest wish to do it, because I look on it as the best and surest foundation of our rights and property, and because I am old enough to have seen that almost every attempt to alter its principles, however specious the pretences may have been, has been productive of more injurious than beneficial consequences. I cannot however but agree with Lord Kenyon when he says that the law is best applied, when it is made subservient to the justice of the case; of which opinion Buller remarked that it was a noble sentiment worthy of the person who pronounced it, and of the place where it was uttered, (a)
Smith J. concurred with the Chief Justice.
Chetwood J.
To this action of debt upon a bond for the payment of money, the defendant pleads
1st Non est factum, 2d per frauden specially, alleging certain facts from which fraud is to be inferred, and 3d per frauden generally. The motion now before the court is (in the nature of a demurrer,) to strike out the second and third pleas. As to the plea of per frauden generally, I do not recollect ever to have met with an instance of it, and I do not think it agreeable to the practice, or the principles of our law. *189 The remedy which is open to the defendant, is by an action of covenant on his warranty, if he has anyj and if he has been so negligent as to omit that prudent precaution, the maxim of Caveat Emptor is fairly applicable. Nor do I think the matter contained in the second plea, even if it should as has been suggested be so amended, as to insert the scienter would be a bar to the action. My opinion is that both pleas should be struck off,

 Dougl. 655.

 1 T. R. 748.

 PL Com. 38,54.

 9 Rep. 108.

 T. Ray. 303.

 Note — Sec 1 Chittyoa PL 553,

 1 Cowp. 47.

 4 Burr. 2069-

 % Wils. 341.

 1 Bl. Rep. 517.

 13 Co. 90.

 Note. —See also 3 T. R. 474. King v. Inhabitants of Scammonden.

 S Co. 77.

 39O~ 39!~ ~c) C~wD~

 C~wD~

 Note. — See also 1 Espinasse 197, 348. 1 Br. Ch. Rep. 38. Jameson v Skipwith. 3 Bl. Com. 431, 437, 439. 2 Woodes. 208. Gilb. Ev. 172, 3. Kirby. 454. Marsh v. Steele, 2 Dall. 171. Field v. Biddle. 1 Binn. 610. Wallace v. Baker. Ib. 616. Hurst v. Kirkbride, 2 Dall. 196. Pleasants v. Pemberton. 1 Caine 358. Note (a) Jackson v. Bowen, 2 Bac. Abr. 658.